HENRY HANKS V. THE STATE.

No. 21352.  Delivered January 15, 1941.

Rehearing Denied February 19, 1941.

The opinion states the case.

*A. R. Rucks,* of Angleton, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is murder; the punishment, confinement in the penitentiary for twenty-five years.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Minerva White by cutting her with a knife.

The testimony is sufficient to support the judgment of conviction.

Two questions are presented for review. The first involves appellant's exception to a portion of the court's charge, which reads as follows: "If you do not believe the defendant to be guilty of any offense, you must acquit him, and say by your verdict 'not guilty.'" If the charge was incorrect, as pointed out in Brinkoter v. State, 14 Texas Cr. R. 67, we do not think it should work a reversal in view of the provisions of Article 666, C. C. P., from which we quote as follows:

"Whenever it appears by the record in any criminal action upon appeal that any requirement of the eight preceding articles has been disregarded, the judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial."

It is observed that in submitting the offense of murder with malice, the court required the jury to believe beyond a reasonable doubt that the appellant was guilty before he could be convicted. Also the "reasonable doubt" was coupled with the charge on self-defense. In submitting murder without malice the jury was required by the charge of the court to believe beyond a reasonable doubt that the appellant was guilty. In concluding the charge the court instructed the jury as follows:

"In all criminal cases the burden of proof is upon the State. The defendant is presumed to be innocent until his guilt is established by legal evidence beyond a reasonable doubt, and in case you have a reasonable doubt as to the defendant's guilt, you will acquit him, and say by your verdict 'not guilty.'"

Viewing the charge in its entirety, the opinion is expressed that the instruction complained of could not have harmed appellant.

It is shown in bill of exception No. 1 that a daughter of deceased, while testifying for the State, was asked how many brothers and sisters she had. Over appellant's proper objection, she replied: "Two sisters and four brothers." The bill of exception was qualified by the court to show that appellant had previously testified that during her lifetime deceased had asked him to help her with her children. The fact that deceased had children was therefore in evidence without objection. Under the circumstances, we would not be warranted in holding that the bill of exception reflects reversible error.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

After due consideration of appellant's motion for rehearing, we have concluded that the original opinion properly disposes of the questions raised.

Appellant has cited Anderson v. State, 276 S. W. 486, which was decided on January 7, 1925, in reply to the statements in the foregoing opinion that the Legislature had, by the enactment quoted, modified the previous rule so that the court may not now be called upon to reverse the case unless the error appearing from the record was calculated to injure the rights of defendant, or unless it appears from the record that defendant has not had a fair and impartial trial. We do not think the Anderson case authority for the contention made. In it the only charge discussed squarely places the burden on the accused to show his innocence. In the case before us the court has been so specific and repeatedly states that the burden is upon the State to show the guilt of the accused beyond a reasonable doubt that it is inconceivable that the jury should be mislead by some awkard expression. Certainly under the facts of this case, if the jury should believe the State's evidence, the penalty assessed is a very reasonable one. There is nothing in the record to in-

dicate that appellant did not have a fair trial.

The motion for rehearing is overruled.